# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **OWENS MOTOR CORP., d/b/a**<br>**LIQUIDATOR'S AUTO MART,**  } } } | |
| **Plaintiff,**  } } | |
| **v.**  } } | **Case No.: 2:11-CV-1427-RDP** |
| **BIRMINGHAM TOWING SERVICE,**<br>**INC.,**  } } } | |
| **Defendant.**  } } | |

## MEMORANDUM OPINION

This case is before the court on Defendant's Motion to Dismiss (Doc. # 14), filed August 11, 2011. Plaintiff filed its response (Doc. # 16) on August 16, 2011, and Defendant filed its reply (Doc. # 17) on August 19, 2011. The motion is properly under submission before the court.

Having considered the briefs and evidentiary submissions, the court finds that Defendant's motion is due to be granted for the reasons set out below.

## I.    Background

On April 28, 2011, Plaintiff initiated this suit, alleging that this court has subject-matter jurisdiction pursuant to 49 U.S.C. § 14501(c), which "pre-empts State law with regard to tow trucks," and relying on *Weatherspoon v. Tillery Body Shop, Inc.*, 44 So. 3d 447 (Ala. 2010). (Doc. # 1 ¶ 1).[1] The Circuit Court of Jefferson County, Birmingham Division, in case number 2010-cv-902370.00, determined that it did not have subject-matter jurisdiction over this action because this

---

[1] Defendant was properly served in this action and failed to file a timely responsive pleading. Plaintiff moved for an entry of default, and the Clerk accordingly entered a default against Defendant. (Doc. # 6). Ten days later, Defendant filed a motion to set aside the entry of default. (Doc. # 7). Having found that Defendant made the necessary showing of good cause, the court set aside the entry of default. (Doc. # 12).

was an issue for federal court.  (Doc. # 1 ¶ 7).  Plaintiff's claims arise from its sale of a vehicle to Camika Evans, where Plaintiff retained a security interest in the vehicle.  (*Id*. ¶ 10).  On February 28, 2009, Defendant towed the vehicle to its lot in Jefferson County.  (*Id*. ¶ 12).  On or about April 30, 2009, Defendant subsequently sold the vehicle without providing notice to Plaintiff as prescribed by the Alabama Abandoned Motor Vehicle Act, § 32-13-1 *et seq*.; Plaintiff alleges that failure was intentional and willful.  (*Id*. ¶ 13).  Further, Plaintiff claims it confronted Defendant after the sale of the vehicle but Defendant failed to attempt to remedy the situation.  (*Id*. 1 ¶ 14).  Plaintiff generally accuses Defendant of conversion, alleging claims under the Alabama Code, including the failure to provide proper notice for the sale of a vehicle under § 32-13-4(a), theft of property under § 13A-8-3(b), and in the alternative, "trespass of bailment" under § 6-5-263.  (*Id*. ¶¶ 5, 17, 19, 21). Additionally, Plaintiff states it is bringing conversion claims under state common law and in violation of 18 U.S.C. § 659.  (*Id*. ¶¶ 22-30).[2]

On August 11, 2011, Defendant filed its Motion to Dismiss, arguing that the court lacks subject-matter jurisdiction over Plaintiff's claims under Rule 12(b)(1) and that Plaintiff's complaint fails to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  (Doc. # 14 at 1). As to the court's purported lack of subject-matter jurisdiction, Defendant analogizes this matter to *Corliss v. Levasque Auto Servs., Inc.*, 2004 WL 2337019, at *2 (D. Mass. Oct. 13, 2004).  There, the court held that plaintiff's only claim, a state law tort claim for conversion, did not invoke federal question jurisdiction even though the plaintiff discussed the preemption provision in § 14501.  (*Id*.

---

[2] Count IV of Plaintiff's complaint provides for claims "UNDER FEDERAL AND STATE COMMON LAW, CONVERSION."  (Doc. # 1 at 6).  Plaintiff does not provide any facts or law in support of a "federal common law claim"; the only federal authority Plaintiff refers to in the section discussing Count IV is a case discussing conversion under 18 U.S.C. § 659.  Neither party mentions "federal common law" in any subsequent motions or briefs.  Accordingly, the court concludes Plaintiff has not alleged a claim under federal common law.

at 1-2).  Defendant contends that all of Plaintiff's claims arise under state law.  (*Id*. at 3).  Although Plaintiff purports to bring a federal claim under 18 U.S.C. § 659, Defendant argues that this federal statute does not apply because "no goods have been stolen or embezzled from an interstate shipment or a foreign shipment."[3]  (*Id*.)

On August 16, 2011, Plaintiff filed its response (Doc. # 16) to Defendant's motion.  Plaintiff contends that this court has subject matter jurisdiction over this matter and reiterates that Defendant, a towing company, is regulated by federal law.  (Doc. # 16 at 1); *see* 49 U.S.C. § 14501(c).  Plaintiff explains that Defendant towed an abandoned vehicle, in which Plaintiff had a security interest, and sold the vehicle sixty days later without following the procedures as prescribed in the Alabama Code.  (Doc. # 16 at 2); *see* Ala. Code § 32-12-1 *et seq*.  Plaintiff argues that tow trucks, as part of interstate commerce, are regulated by § 14501(c), a federal statute that has been deemed to preempt state law under certain circumstances.  (Doc. # 16 at 3).  Further, Plaintiff reiterates that § 659 applies in this action.  (*Id*. at 4).  In regards to Defendant's reliance on *Corliss,* Plaintiff notes that *Corliss* is not binding on this court and in any event, is distinguishable from its claims and allegations here.  (*Id*. at 2-4).

On August 19, 2011, Defendant filed its reply (Doc. # 17).  It argues that conversion is a state law claim that, absent the existence of diversity jurisdiction,[4] does not fall within this court's jurisdiction.  (Doc. # 17 at 1).  Defendant contends that the following decisions referenced by Plaintiff can be distinguished from the facts of this case and that any reliance on these cases is

---

[3] In addition, without providing any supporting law or facts, Defendant asserts that under Rule 12(b)(6), Plaintiff failed to state a claim.  (*Id*.)

[4] At oral argument, Plaintiff made clear that it is *not* asserting diversity as a basis for jurisdiction in this case.

misplaced: *City of Columbus v. Ours Garage and Wrecker Serv., Inc.*, 536 U.S. 424 (2002); *Gildersleeve v. Young*, 2010 WL 5396100 (Ala. Civ. App. Dec. 30, 2010); and *Weatherspoon v. Tillery Body Shop, Inc.*, 44 So. 3d 447 (Ala. 2010). Defendant further notes that a state does not "have the right to confer jurisdiction onto a federal court." (Doc. # 17 at 2). Moreover, Defendant reiterates its reliance on *Corliss* and asserts that because Plaintiff has only alleged state law claims, the court does not have federal question jurisdiction over its claims. (*See Id*. at 3-4).

## II.    Standard of Review

### A.    Federal Rule of Civil Procedure 12(b)(1)

Challenges to subject-matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure can exist in two substantially different forms: facial attacks and factual attacks. *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009). When presented with a facial attack on the complaint, the court determines whether the complaint has sufficiently alleged subject-matter jurisdiction. *Sinaltrainal*, 578 F.3d at 1260. The court proceeds as if it were evaluating a Rule 12(b)(6) motion; that is, it views the complaint in the light most favorable to the plaintiff and accepts all well-pled facts alleged in the complaint as true. *Id.*

To the contrary, factual attacks question "the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." *Id.* (citing *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)). When a court is confronted with a factual attack, the standard of review diverges considerably:

> [T]he trial court may proceed as it never could under 12(b)(6) or Fed. R. Civ. P. 56. Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction - its very power to hear the case - there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive

truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.

*Lawrence*, 919 F.2d at 1529 (citing *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir.), *cert. denied*, 454 U.S. 897 (1981)). "When a district court has pending before it both a 12(b)(1) motion and a 12(b)(6) motion, the generally preferable approach, if the 12(b)(1) motion essentially challenges the existence of a federal cause of action, is for the court to find jurisdiction and then decide the 12(b)(6) motion." *Jones v. State of Ga.*, 725 F.2d 622, 623 (11th Cir. 1984).

### B.       Federal Rule of Civil Procedure 12(b)(6)

The Federal Rules of Civil Procedure require only that the complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Having said that, the complaint must include enough facts "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards, nor do pleadings suffice that are based merely upon "labels or conclusions" or "naked assertion[s]" without supporting factual allegations. *Twombly*, 550 U.S. at 555, 557. In deciding a Rule 12(b)(6) motion to dismiss, courts view the allegations in the complaint in the light most favorable to the non-moving party. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007). To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although "[t]he

5

plausibility standard is not akin to a 'probability requirement,'" the complaint must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id*

The Supreme Court has recently identified "two working principles" for a district court to use in applying the facial plausibility standard.  First, in evaluating motions to dismiss, the court must assume the veracity of well-pleaded factual allegations; however, the court does not have to accept as true legal conclusions when they are "couched as [] factual allegations." *Iqbal*, 129 S. Ct. at 1950.  Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.*  Application of the facial plausibility standard involves two steps.  Under prong one, the court must determine the scope and nature of the factual allegations that are well-pleaded and assume their veracity; and under prong two, the court must proceed to determine the claim's plausibility given the well-pleaded facts.  That task is context specific and, to survive the motion, the allegations must permit the court based on its "judicial experience and common sense . . . to infer more than the mere possibility of misconduct." *Id.*  If the court determines that well-pleaded facts, accepted as true, do not state a claim that is plausible, the claims are due to be dismissed.  *Id.*

III.    **Analysis**

Plaintiff alleges several state law claims, a federal claim under 18 U.S.C. § 659, and also asserts that federal question jurisdiction exists because 49 U.S.C. § 14501(c) regulates tow trucks and preempts state law with regards to tow trucks.  A federal court may have subject-matter jurisdiction based on federal question or diversity jurisdiction.[5] 28 U.S.C. §§ 1331, 1332.  The party bringing the claim has the burden of establishing federal subject-matter jurisdiction.  *Sweet Pea*

---

[5] Both parties agree that diversity jurisdiction does not exist in this matter.  (Docs. # 14 at 3 and # 16 at 4).

*Marine, Ltd. v. APJ Marine, Inc.* 411 F.3d 1242, 1247 (11th Cir. 2005).  Subject-matter jurisdiction cannot be forfeited or waived.  *United States v. Cotton*, 535 U.S. 625, 630 (2002).

A district court has federal question jurisdiction if a plaintiff's action arises under "the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  The Supreme Court has taught that a case "aris[es] under" federal law within the meaning of § 1331 if "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."  *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 689-690 (2006).  Federal question jurisdiction does not exist when the asserted claims are purely based on state law.  28 U.S.C. § 1331; *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312-313 (2005).

If a district court has original jurisdiction over a claim under § 1331, it may exercise supplemental jurisdiction over the state law claims "that are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy."  28 U.S.C. § 1367(a).  "The constitutional 'case or controversy' standard confers supplemental jurisdiction over all state claims which arise out of a common nucleus of operative fact with a substantial federal claim."  *Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 743 (11th Cir. 2006) (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966)).  However, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice."  *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988); *see Gibbs*, 383 U.S. at 7276 (noting "if the federal claims are dismissed before trial . . . the state claims should be dismissed as well").

When a district court determines that it lacks subject-matter jurisdiction, it must dismiss the complaint in its entirety. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); *see* Fed. R. Civ. P. 12(h)(3) (stating that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Univ. of South Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue"). "The federal courts of appeals . . . have uniformly held that once the district court determines that subject matter jurisdiction over a plaintiff's federal claims does not exist, courts must dismiss a plaintiff's state law claims." *Scarfo v. Ginsberg*, 175 F.3d 957, 962 (11th Cir. 1999) (finding that the district court did not abuse its discretion when it dismissed plaintiff's state law claims once it determined it did not have subject-matter jurisdiction over the federal claims). To the contrary, when a court grants a motion to dismiss for failure to state a federal claim, it generally retains discretion to exercise supplemental jurisdiction over the pendent state-law claims. *Id.*

### A.   The Court Does Not Have Federal Question Jurisdiction over Plaintiff's Claim Under 18 U.S.C. § 659.

Criminal statutes do not frequently provide private remedies. *See Love v. Delta Air Lines*, 310 F.3d 1347, 1352-1353 (11th Cir. 2002). The Supreme Court has been "reluctant to infer a private right of action from a criminal prohibition alone." *Cent. Bank of Denver v. First Interstate Bank of Denver*, 511 U.S. 164, 190 (1994); *see Cort v. Ash*, 422 U.S. 66, 80 (1975) (refusing to infer a private right of action from a "bare criminal statute"). The Court has only implied a private right of action under a criminal statute when "there was at least a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone." *Chrysler v. Brown*, 441 U.S. 281, 316 (1979).

In general, Title 18 of the United States Code is a "federal criminal statue which does not create civil liability or a private right of action." *Morrell v. Lunceford*, 2011 WL 4025725, at *6 (S.D. Ala. Aug. 18, 2011) (citations omitted). "[T]he fact that a federal statute has been violated and some person harmed does not automatically give rise to a private right of action." *Touche Ross & Co. v. Redington*, 442 U.S. 560, 568 (1979). Section 659 prohibits the receipt or possession of stolen goods in interstate commerce. 18 U.S.C. § 659. The court is not aware of any private parties filing suit – successfully or not – for violations of section § 659. "[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Gibson v. Gains*, 2006 WL 858336, at *3 (11th Cir. April 4, 2006) (dismissing plaintiff's claims against defendants because plaintiff lacked standing to raise criminal allegations against defendants) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614 619 (1973)). A determination that a plaintiff lacks standing to bring a case requires the court to dismiss the case for lack of subject matter jurisdiction. *Fla. Wildlife Fed'n, Inc. v. South Fla. Water Mgmt.*, 647 F.3d 1296, 1302 (11th Cir. 2011).

Applying this legal analysis here, the court concludes that § 659 is a criminal statute and Plaintiff has not demonstrated, or even attempted to demonstrate, that a private cause of action exists under this statute. *See* 18 U.S.C. § 659. To the extent that Plaintiff raises criminal allegations against Defendant, Plaintiff does not have standing to allege such claims and the court therefore dismisses Plaintiff's § 659 claim for lack of subject matter jurisdiction. *See Gibson*, 2006 WL 858336, at *3; *Fla. Wildlife Fed'n Inc.*, 647 F.3d at 1302.

9

**B.   The Court Does Not Have Federal Question Jurisdiction over Plaintiff's Claim Under 18 U.S.C. § 14501.**

The Interstate Commerce Act, as amended by the Federal Aviation Administration Authorization Act of 1994, and the ICC Termination Act of 1995 (in sum, "the Act"), generally preempts state and local regulation of motor carriers of property, which includes tow trucks. 49 U.S.C. § 14501; *City of Columbus v. Ours Garage & Wrecker Serv., Inc.*, 536 U.S. 424, 428-430 (2002). The Supreme Court has remarked that the purpose of the Act was to deregulate intrastate transportation because of the unreasonable burdens that regulations placed on free trade, interstate commerce, and American consumers. *City of Columbus*, 536 U.S. at 440. The preemption provision in § 14501 provides that "a State . . . may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of any motor carrier." 49 U.S.C. § 14501(c)(1). State laws preempted by this provision are those laws with a "*significant* impact" on carrier rates, routes, or services, while state laws that are not preempted affect rates, routes, or services in "too tenuous, remote, or peripheral a manner." *Rowe v. N.H. Motor Transp. Ass'n*, 552 U.S. 364, 375 (2008) (citing *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 390 (1992)). An exception to the preemption provision is found in § 14501(c)(2)(A), which states that the preemption provision "shall not restrict the safety regulatory authority of a State with respect to motor vehicles." 49 U.S.C. § 14501(c)(2)(A). To fall within this exception, the law must be "genuinely responsive to safety concerns." *City of Columbus*, 536 U.S. at 442.

The cases discussing § 14501(c)(1) revolve around whether this provision preempts a particular state or local law. *See, e.g., Rowe*, 552 U.S. at 367 (determining whether § 14501 preempts a Maine tobacco law regulating the delivery of tobacco to customers within the state);

10

*Kozak v. Hillsborough Cnty., Fla.*, 644 F. 3d 1347 (11th Cir. 2011) (discussing whether Florida regulations requiring certificates and permits for vehicles were preempted by § 14501); *see also Mason and Dixon Lines, Inc. v. Steudle*, 761 F. Supp. 2d 611, 620 (E.D. Mich. 2011) (the Supreme Court and other courts have construed § 14501(c)(1) as providing a cause of action for "private parties to challenge state laws and local ordinances that purport to regulate motor carrier routes, usually in the context of tow truck operator regulations"); *Loyal Tire & Auto Ctr., Inc. v. Town of Woodbury*, 445 F.3d 136, 150 (2d Cir. 2006) (section § 14501 cannot be enforced through § 1983 and it does not "expressly grant any rights to individual motor carriers").

In a case construing § 14501(c)(1) and discussing subject-matter jurisdiction, the court in *Galactic Towing, Inc. v. City of Miami Beach*, concluded it has subject-matter jurisdiction over the action because the court was charged with determining whether this federal statute preempted a state or local law.  274 F. Supp. 2d 1315, 1316-1318 (S.D. Fla. 2002) (finding the court has federal question jurisdiction because plaintiff's claim, that a city regulation of tow trucks is preempted by federal law, arises under federal law); *cf. Corliss*, 2004 WL 2337019, at *3 (finding the court does not have federal question jurisdiction where plaintiff alleges a state claim and asserts that § 14501(c)(1) preempts state law without arguing that the local ordinance itself is preempted).  Most cases discussing § 14501 do not directly address whether the court has subject-matter jurisdiction, but it is clear from a review of these cases that the court has federal question jurisdiction only because a party argues that some state or local regulation is preempted by federal law. *See, e.g.*, *City of Columbus*, 536 U.S. at 428; *Kozak*, 644 F.3d at 1348.  The court is not aware of any case in which § 14501(c)(1) was successfully invoked as a basis for subject-matter jurisdiction and the issue did not involve whether § 14501(c)(1) was constitutional or whether § 14501(c)(1) preempted some state

or local law. *Cf. Corliss*, 2004 WL 2337019, at *3 (finding subject-matter jurisdiction did not exist where plaintiff alleged a state law claim and asserted that because of § 14501(c)(1), the federal court had jurisdiction).

Here, Plaintiff asserts that this court has federal question jurisdiction over its action because § 14501(c), a federal statute containing a provision rendering state and local laws preempted, regulates tow trucks. Somewhat paradoxically, in the same filing in which Plaintiff argues § 14501(c) preempts state law, it has included state law claims in its complaint. Essentially, Plaintiff asks this court to rule on its state law claims based on § 14501(c)'s invocation of federal question jurisdiction.[6] When faced with a § 14501(c) issue, federal courts have had subject-matter jurisdiction because they were determining whether certain state or local laws were preempted by § 14501(c) or whether § 14501(c) was constitutional. *See, e.g.*, *City of Columbus*, 536 U.S. at 428; *Kozak*, 644 F.3d at 1348. Plaintiff, however, has not put either of these issues before the court, and the court cannot ascertain any other potential federal question from Plaintiff's complaint. Because this court is not charged with resolving a federal preemption issue or constitutional question, and Plaintiff has not satisfied its burden in proving that this action arises under federal law, this court does not have federal subject matter jurisdiction over Plaintiff's action.[7]

The court readily acknowledges Plaintiff's reliance on *Weatherspoon v. Tillery Body Shop, Inc.*, 44 So. 3d 447 (Ala. 2010). Plaintiff contends that case supports its argument that § 14501 may be invoked here to trigger federal question jurisdiction. That argument is off the mark. In

---

[6] Whether the court has subject-matter jurisdiction solely based on Plaintiff's state law claims will be discussed in Section C of Part III.

[7] The court notes that Plaintiff has not even alleged a claim under § 14501(c); he merely asserts that the provision controls without alleging a cause of action under the provision.

*Weatherspoon*, the Supreme Court of Alabama affirmed the trial court's dismissal of the plaintiff's state law claims on the grounds that they were preempted by federal law, § 14501(c)(1). 44 So. 3d at 458. Neither the trial court nor the Supreme Court of Alabama determined that it did not have subject matter jurisdiction over the action because it involved a federal question reserved for federal courts, as Plaintiff contends. *Id.*; (*see* Doc. # 16 at 4). The Supreme Court of Alabama engaged in an analysis of whether the federal statute is constitutional and whether it preempted state law. Moreover, in *Weatherspoon*, the Court did not determine that the state court could not entertain the case; rather it determined that the state laws at issue there were not valid in light of the preemption provision in § 14501(c)(1). *See Weatherspoon*, 44. So. 3d at 448-460.[8]

Finally, in support of its arguments for dismissal, Defendant commends the *Corliss* opinion to this court as well reasoned and asks the court to follow that decision's analysis. In *Corliss*, the plaintiff alleged a state law claim of conversion for the defendant's purported improper towing of the plaintiff's vehicle. *Corliss*, 2004 WL 2337019, at *1. The plaintiff also asserted that the district court had subject-matter jurisdiction over the state law dispute because the preemption provision in § 14501(c)(1) invokes federal question jurisdiction. *Id.* at *1-3. The *Corliss* court concluded that because the plaintiff did not challenge the legality of the local ordinance and instead challenged its application, the resolution of the state law claim did not arise under federal law or present a federal issue. *Id* at *3. Plaintiff's argument here - that Defendant violated § 32-13-4(a), § 13A-8-3(b), and § 6-5-263 of the Alabama Code, and because of § 14501(c)(1), federal courts must entertain the

---

[8] Moreover, in spite of Plaintiff's reliance on *Weatherspoon*, Plaintiff ironically brings a claim under § 32-13-4, which is one of the same state law claims brought by the plaintiff in *Weatherspoon* that the Alabama Supreme Court determined was preempted by federal law and subsequently dismissed. *See Weatherspoon*, 44. So.3d at 449, 458; (Doc. # 1 at 4); (*see* Doc. # 16 at 5-6).

action- follows the same faulty logic as that advanced by the *Corliss* plaintiff.  The court comes to the same determination as the District Court of Massachusetts: without a preemption query under § 14501(c)(1), a federal court has no right to hear the state law claims in the absence of a federal issue.[9]

### C.     The Court Does Not Have Federal Question Jurisdiction Over Plaintiff's State Law Claims.

Plaintiff's state law claims undoubtedly arise under state law and do not invoke federal question jurisdiction.  28 U.S.C. § 1331.  As discussed, Plaintiff does not argue that the state law claims are preempted by federal law; the resolution of Plaintiff's state law claims would require the court to determine whether state laws and/or torts were violated.  A court can entertain state law claims if it has supplemental jurisdiction over them, but supplemental jurisdiction can only arise after a determination that the court has subject-matter jurisdiction over the action.  28 U.S.C. § 1367(a).  Because the court has concluded it does not have subject mater jurisdiction over this action, it cannot adjudicate the state law claims and must dismiss this action.  *See Arbaugh*, 546 U.S. at 514; Fed. R. Civ. P. 12(h)(3).

The court concludes that it does not have subject-matter jurisdiction over this action.  Accordingly, this action is due to be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1), and Defendant's motion to dismiss is due to be granted.  Having decided that this action should be dismissed for lack of subject-matter jurisdiction, the court need not address Defendant's

---

[9] Defendant also questions Plaintiff's reliance on *Gildersleeve v. Young*, 2010 WL 5396100 (Ala. Civ. App. Dec. 30, 2010).  *Gildersleeve* merely stands for the proposition that the determination of whether § 14501(c)(1) preempts a state law is a question for the federal courts, and the Court of Civil Appeals of Alabama lacks subject-matter jurisdiction over the issue.  That decision actually bolsters Defendant's position.  (*See* Doc. # 17).

14

Rule 12(b)(6) argument, to the extent Defendant has even presented one.[10]  *See Jones,* 725 F.2d at

623 (noting that district courts should address a 12(b)(1) motion before a 12(b)(6) one).

IV.     **Conclusion**

   For the reasons discussed above, the court concludes that Defendants' Motion to Dismiss

(Doc. # 14) is due to be granted.  An order consistent with this Memorandum Opinion will be

entered separately.

    **DONE** and **ORDERED** this   11th   day of October, 2011.

                          _____

                          **R. DAVID PROCTOR**
                          UNITED STATES DISTRICT JUDGE

---

[10] Defendant has merely asserted that Plaintiff's complaint should be dismissed under Rule 12(b)(6) (Doc. # 14 at 3), without any elaboration.

15